UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAMILTON MEMORIAL HOSPITAL DISTRICT, an Illinois governmental municipality,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>APRIL TOELLE and DEACONESS HOSPITAL, INC.,<br><br>　　　Defendants. | Case No. 12-cv-1004-JPG-PMF |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant April Toelle's motion to transfer this case to the Southern District of Indiana (Doc. 21) and defendant Deaconess Hospital, Inc.'s ("Deaconess") motion to dismiss for lack of personal jurisdiction and lack of venue or, in the alternative, to transfer this case to the Southern District of Indiana (Doc. 24). Plaintiff Hamilton Memorial Hospital District ("Hamilton Memorial") has responded to the respective motions (Docs. 29 & 28).

In this case, Hamilton Memorial alleges it had a three-year contract to employ Toelle as a doctor in its hospital in McLeansboro, Illinois. In the middle of the contract term, while living in Illinois, Toelle negotiated another employment contract with Deaconess, a hospital in Evansville, Indiana, that began before her term at Hamilton Memorial ended. Deaconess knew at the time that Toelle was committed by contract to work at Hamilton Memorial. While still residing in Illinois, she gave notice to Hamilton Memorial that she was leaving and, before the end of the contract term, stopped working for Hamilton Memorial, moved to Indiana and began working for Deaconess. Hamilton Memorial brings this suit for breach of contract against Toelle and for tortious interference with contract against Deaconess.

The Court begins with the question of whether it has personal jurisdiction over Deaconess since the resolution of that issue impacts the venue question.

I.     **Personal Jurisdiction**

Deaconess argues that it is not subject to the personal jurisdiction of the District Court for the Southern District of Illinois. When personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Purdue Research Found. v. Sanofi-Syntholabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If there are material facts in dispute regarding the Court's jurisdiction over a defendant, the Court must hold an evidentiary hearing at which the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.* (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). Alternatively, the Court may decide the motion to dismiss without a hearing based on the submitted written materials so long as it resolves all factual disputes in the plaintiff's favor. *Purdue Research*, 338 F.3d at 782 (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997)). If the Court consults only the written materials, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Purdue Research*, 338 F.3d at 782 (citing *Hyatt*, 302 F.3d at 713). In this case, the Court considers the allegations in the complaint, construing them in Hamilton Memorial's favor, to determine whether it has made a *prima facie* case for the Court's personal jurisdiction over Deaconess.

A federal court sitting in diversity looks to the personal jurisdiction law of the state in which the court sits to determine if it has jurisdiction. *Hyatt*, 302 F.3d at 713 (citing *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992)); Fed. R. Civ. P. 4(k)(1)(A). Thus, this Court applies Illinois law. Under Illinois law, a court has personal jurisdiction over a defendant if an Illinois statute grants personal jurisdiction and if the exercise of personal jurisdiction is

2

permissible under the Illinois and United States constitutions. *RAR,* 107 F.3d at 1276.

    A.    <u>Illinois Statutory Law</u>

Under Illinois law, the long-arm statute permits personal jurisdiction over a party to the extent allowed under the due process provisions of the Illinois and federal constitutions. 735 ILCS 5/2-209(c); *Hyatt*, 302 F.3d at 714; *Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). Therefore, whether the Court has jurisdiction over a defendant depends on whether such jurisdiction is permitted by federal and state constitutional standards.

    B.    <u>Illinois Constitutional Law</u>

The Illinois Constitution's due process guarantee, Ill. Const. art. I, § 2, permits the assertion of personal jurisdiction "when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). When interpreting these principles, a court may look to the construction and application of the federal due process clause. *Id*. In fact, the Seventh Circuit Court of Appeals has suggested that there is no operative difference between Illinois and federal due process limits on the exercise of personal jurisdiction. *Hyatt*, 302 F.3d at 715 (citing *RAR,* 107 F.3d at 1276). The Court sees nothing in this case indicating that in this particular situation the federal and state standards should reach a different result. Therefore, if the contacts between Deaconess and Illinois are sufficient to satisfy the requirements of federal due process, then the requirements of both the Illinois long-arm statute and the Illinois Constitution have also been met, and no other inquiry is necessary.

C. <u>Federal Constitutional Law</u>

The Due Process Clause of the Fourteenth Amendment limits when a state may assert personal jurisdiction over nonresident individuals and corporations. *See Pennoyer v. Neff*, 95 U.S. 714, 733 (1877), *overruled on other grounds by Shaffer v. Heitner*, 433 U.S. 186 (1977). Under federal due process standards, a court can have personal jurisdiction over a defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *accord J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011). The defendant must have "purposely established minimum contacts with the forum state such that he or she 'should reasonably anticipate being haled into court' there." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)). In deciding whether exercising jurisdiction offends traditional notions of fair play and substantial justice, the Court may also consider "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987).

What this standard means in a particular case depends on whether the plaintiff asserts "general" or "specific" jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or in connected with the defendant's contacts with the forum. *Int'l Shoe*, 326 U.S. at 2787; *Tamburo*, 601 F.3d at 702; *Hyatt*, 302 F.3d at 716 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8 & 9 (1984)). General jurisdiction, on the other hand, may exist even in suits that do not rise out of or relate to the defendant's contacts so long as the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros*

4

*Nacionales*, 466 U.S. at 416;   *Tamburo*, 601 F.3d at 701;   *Hyatt*, 302 F.3d at 713.   Hamilton Memorial does not assert that the Court has general jurisdiction over Deaconess, so the Court focuses on specific jurisdiction.

Where specific jurisdiction is asserted with respect to an intentional tort, like the claim against Deaconess in this case, "the inquiry focuses on whether the conduct underlying the claim[] was *purposely directed* at the forum state," as opposed to the defendant's purposeful availment of the privileges of conducting business in that state.   *Tamburo,* 601 F.3d at 702 (emphasis added). *Calder v. Jones*, 465 U.S. 783 (1984), guides this inquiry.   In *Calder*, the Supreme Court held that a California court could constitutionally exercise jurisdiction over Florida citizens who had allegedly committed libel in a print news publication against a California resident on the basis that their alleged intentional torts were expressly aimed at her in California.   *Id.* at 785-86, 789.

In *Tamburo*, the Court of Appeals for the Seventh Circuit applied *Calder* in considering whether there was personal jurisdiction over foreign defendants who had never visited or transacted business in Illinois but who had used the internet and electronic mail to defame an Illinois resident and to tortiously interfere with his Illinois business.   *Tamburo*, 601 F.3d at 697. The Court of Appeals interpreted *Calder* to impose three requirements for finding "purposeful direction" of conduct toward a state:   "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt – that is, the plaintiff would be injured – in the forum state."   *Tamburo*, 601 F.3d at 703.   The Court found all but one defendant satisfied this test and were therefore subject to the court's jurisdiction because they had "specifically aimed their tortious conduct at [the plaintiff] and his business in Illinois with the knowledge that he lived, worked, and would suffer the 'brunt of the injury' there.'"   *Id.* at 706.

5

In this case, Deaconess's alleged negotiations and employment agreement with Toelle while she was under contract with Hamilton Memorial – the intentional interference alleged in this case – were clearly intentional conduct. Deaconess expressly aimed its alleged conduct at Toelle while she was living in Illinois and working in Illinois for Hamilton Memorial, an Illinois corporation. Deaconess's goal was to hire Toelle, which it knew would require her to leave her current employment. Finally, Deaconess allegedly knew from Hamilton Memorial's communications that Toelle was under contract with Hamilton Memorial and that because it negotiated with and hired Toelle, Hamilton Memorial would be injured in Illinois by Toelle's breach of her contract.

Additionally, Deaconess's alleged contacts with Illinois as set forth above caused Hamilton Memorial's injury – the failure of Toelle to perform her contract with Hamilton Memorial – and exercising jurisdiction over Deaconess in these circumstances would not offend traditional notions of fair play and substantial justice. *See Int'l Shoe*, 326 U.S. at 316; *Burger King,* 471 U.S. at 477. Deaconess is located in Evansville, Indiana, which is very close to the Southern District of Illinois and about a 2-hour car trip from the Courthouse in Benton, Illinois, where the Court sits, so it will not be unduly burdensome for Deaconess to litigate this case here. Additionally, Illinois has an interest in ensuring parties do not interfere with contracts that are made in Illinois and performed in Illinois, especially those that increase the availability of health care services to Illinois citizens. In the Court's opinion, this interest outweighs Indiana's interest in reaching into other states to recruit doctors to practice within its borders. Finally, the Court is confident that it will be able to give Deaconess a hearing that is equally as fair as Deaconess would receive from a court within the Southern District of Indiana. Deaconess simply will not be disadvantaged by being subject to the Court's jurisdiction.

The cases cited by Deaconess are distinguishable or cannot be reconciled with *Tamburo*. For example, *Zep, Inc. v. First Aid Corp.*, No. 09 CV 1973, 2010 WL 1195094 (N.D. Ill. Mar. 19, 2010), involved a suit brought by a Georgia company against former employees not in the courts of Georgia or of the former employees' states but in federal court in Illinois, the state of the company that it alleges wrongfully induced the employees to leave its employment. The Court held it did not have personal jurisdiction over the defendants because, unlike the case at bar, they committed no tortious conduct in or aimed at Illinois. *Id.* at *5-6. Here, Hamilton Memorial filed suit in its home state, the target of the alleged tortious conduct. In *Real Colors, Inc. v. Patel*, 974 F. Supp. 645 (N.D. Ill. 1997), the court found no personal jurisdiction because none of the acts of tortious interference between the alleged tortfeasor and the party induced to breach the contract occurred in Illinois and only an economic effect was felt in Illinois. *Id*. at 650. Even if *Real Colors*, stated the correct principle of law in light of *Tamburo*, and the Court questions whether it does, it is distinguishable from the case at bar because here negotiations between Toelle and Deaconess took place while she resided in and worked in Illinois. *Turnock v. Cope*, 816 F.2d 332, 334 (7th Cir. 1987), turned on whether a defendant committed tortious acts within Illinois under a prior version of the Illinois Long Arm Statute, Ill. Rev. Stat. ch. 110 § 2-209(2) (1987), and did not address federal constitutional principles, so it provides little guidance to the Court.

For these reasons, Hamilton Memorial has established a *prima facie* case that the Court has personal jurisdiction over Deaconess. Having so found, it turns to the issue of venue.

## II.     Improper Venue

Deaconess also argues that venue is not proper in the Southern District of Illinois. The Court considers a motion for dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3), which also requires the Court to accept the facts pled in the complaint as true and to draw

all reasonable inferences in favor of the plaintiff. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 804 (7th Cir. 2011). The defendant has the burden of showing that venue is improper. *Granader v. Peachtree Lane Assocs. (In re Peachtree Lane Assocs.)*, 150 F.3d 788, 794 (7th Cir. 1998).

Motions for transfer of venue or for dismissal for improper venue are governed by the standards set forth in 28 U.S.C. §§ 1404[1] and 1406.[2] *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988); *In re LimitNone, LLC*, 551 F.3d 572, 575-76 (7th Cir. 2008) (*per curiam*); *Willis v. Caterpillar Inc.*, 199 F.3d 902, 905 & n.4 (7th Cir. 1999). To determine which of these statutes governs a particular situation, the Court must determine whether venue is proper under 28 U.S.C. § 1391. Section 1404 governs transfer when venue is proper; § 1406 governs transfer or dismissal when venue is improper. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964); *see In re LimitNone, LLC*, 551 F.3d at 575-76; *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989).

The general venue statute, 28 U.S.C. § 1391, provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1]Section 1404 reads in pertinent part:
    (a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
28 U.S.C. § 1404(a).

[2]Section 1406 reads in pertinent part:
    (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
28 U.S.C. § 1406(a).

>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b).

Venue is proper in the Southern District of Illinois under subsection (2) or (3) or § 1391(b). A substantial part of the alleged tortious interference with Hamilton Memorial's contract with Toelle took place in the Southern District of Illinois – the negotiations between Deaconess and Toelle that led to her signing an employment contract with Deaconess – although some of it likely occurred in Indiana also. Alternatively, as found above, Deaconess is subject to personal jurisdiction in the Southern District of Illinois for directing its alleged tortious actions to Illinois, so venue is proper under subsection (3).

This conclusion leaves open, however, whether transfer to the Southern District of Indiana would be appropriate for the convenience of the parties and the interests of justice under 28 U.S.C. § 1404(a).

### III. Convenience Transfer

Toelle and Deaconess both argue the Court should transfer this case to the Southern District of Indiana. As noted above, transfers for the convenience of the parties are governed by 28 U.S.C. § 1404(a). Under § 1404(a), a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir.

1986);  *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer in light of any forum selection clause and the parties' relative bargaining power, and the interests of justice in general.  *Stewart*, 487 U.S. at 29-30;  *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen* , 376 U.S. at 622). The movant has the burden of establishing that the transfer is "clearly more convenient."  *Coffey*, 796 F.2d at 219-20.  The Court should give substantial weight in favor of the forum in which the plaintiff chose to file the complaint and should rarely transfer a case from the plaintiff's selected forum.  *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003);  *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220;  *Van Dusen*, 376 U.S. at 625.  "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system."  *Coffey*, 796 F.2d at 221.  One of these factors is where the litigants are more likely to receive a speedy trial. *Id.*

Deaconess has not established that it is clearly more convenient to try this case in the Southern District of Indiana than to try it in the adjacent district of the Southern District of Illinois. It appears the witnesses are located in both districts – Deaconess's and Toelle's in or around Evansville, Indiana, and Hamilton Memorial's in or around McLeansboro, Illinois.  The McLeansboro witnesses would have to travel approximately 60-80 miles (depending on whether they take the longer interstate highway route or the shorter back roads) to the federal courthouse in

Evansville, while the Evansville witnesses would have to travel approximately 85-115 miles (again, depending on the choice of route) to get to the federal courthouse in Benton, Illinois. This is not a significant enough difference to say that one forum is particularly more convenient to the witnesses than the other.

The Court gives substantial weight to Hamilton Memorial's selection of the Southern District of Illinois to file its case. While Deaconess argues that this is not appropriate because the cause of action did not "conclusively" arise here, *see Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002) (plaintiff's choice of forum should be given less weight if the plaintiff does not reside there or if the cause of action did not conclusively arise there), the Southern District of Illinois is Hamilton Memorial's home district. Furthermore, it is reasonable to assume that negotiations between Toelle, while she was in Illinois, and Deaconess are likely to have occurred in both districts (e.g., by phone, e-mail, regular mail between the parties), and Hamilton Memorial definitely suffered its injury here. Additionally, the contract between Toelle and Hamilton Memorial, which Toelle is alleged to have breached, provides that it should be governed by Illinois law.

The Court further notes that, although documents critical to the plaintiff's case are also likely to be located in each district, technological advances make transmission of documents over long distances nearly burdensome. Finally, all witnesses are likely to be within the 100-mile "as the crow flies" subpoena power of the Court. *See* Fed. R. Civ. P. 45(b)(2)(B); *Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719, 728 (E.D. Wis. 2008) (citing *Hill v. Equitable Bank, Nat. Ass'n,* 115 F.R.D. 184, 186 (D. Del. 1987)). Thus, the sites of the material events and evidence do not weigh in favor of either forum and do not, in combination, outweigh the substantial weight given to Hamilton Memorial's choice of forum.

As for the interests of justice, both fora are likely to provide a speedy trial and have interests in the litigation. As noted in the earlier discussion of the Court's jurisdiction, Illinois has an interest in ensuring parties do not interfere with contracts made and performed in Illinois, and Indiana has an interest in recruiting doctors to practice within its borders. The Court believes the first interest is stronger, but the second is not negligible. Nevertheless, the interests of justice do not counsel in favor of a transfer.

In sum, Deaconess has not established it is clearly more convenient to litigate this case in the Southern District of Indiana or that the interests of justice favor that forum. Accordingly, the Court will retain the case in this forum.

## IV. Conclusion

For the foregoing reasons, the Court:

- **DENIES** Toelle's motion to transfer this case to the District Court for the Southern District of Indiana (Doc. 21);

- **DENIES** Deaconess's motion to dismiss for lack of personal jurisdiction and lack of venue or, in the alternative, to transfer this case to the District Court for the Southern District of Indiana (Doc. 24);

- **DENIES as moot** the defendants' motion to stay discovery proceedings in light of the foregoing motions (Doc. 32). If necessary, the parties may ask Magistrate Judge Frazier for an amended scheduling and discovery order.

**IT IS SO ORDERED.**
**DATED: March 18, 2013**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**