UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAMILTON MEMORIAL HOSPITAL DISTRICT, an Illinois governmental municipality, | |
| Plaintiff/Counterdefendant, | Case No. 12-cv-1004-JPG-PMF |
| v. | |
| APRIL TOELLE, | |
| Defendant/Counterclaimant, | |
| and | |
| DEACONESS HOSPITAL, INC., | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff/counterdefendant Hamilton Memorial Hospital's ("HMH") appeal (Doc. 84) of two orders by Magistrate Judge Philip M. Frazier (Docs. 63 & 78). Defendant/counterclaimant April Toelle and defendant Deaconess Hospital, Inc. ("Deaconess") have filed a joint response to the appeal (Doc. 86), and HMH has replied to that response (Doc. 89). The Court also considers the defendants' motion to strike HMH's reply brief in support of its appeal or, in the alternative, for leave to file a sur-reply brief (Doc. 91) and motion to bar HMH's second amended initial disclosures (Doc. 100).

In this case, HMH alleges it had a three-year contract to employ Toelle as a doctor in its hospital in McLeansboro, Illinois. In the middle of the contract term, while living in Illinois, Toelle negotiated another employment contract with Deaconess, a hospital in Evansville, Indiana, that began before her term at HMH ended. HMH believes Deaconess knew at the time that Toelle was committed by contract to work at Hamilton Memorial. While still residing in Illinois, Toelle gave notice to HMH that she was leaving and, before the end of the contract term, stopped working

for HMH, moved to Indiana and began working for Deaconess.  HMH brings this suit for breach of contract against Toelle and for tortious interference with contract against Deaconess.  Toelle has filed a counterclaim against HMH under the Illinois Wage Payment and Collection Act, 820 ILCS 115 *et seq.*, for failing to pay her according to the contract terms.  The pending appeal involves the amount HMH claims in damages for lost revenue due to Toelle's departure.

## I. Standard of Review

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law.  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The Court may also *sua sponte* reconsider any matter determined by a magistrate judge.  L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

## II. Appealed Orders

### A.   June 17, 2013, Order (Doc. 63)

Magistrate Judge Frazier's first appealed order (Doc. 63), entered June 17, 2013, ruled on the defendants' motion to bar HMH's damage computations (Doc. 59).  In that motion, the defendants asked the Court to bar HMH from presenting evidence in support of $528,107 in damages for lost revenue because that amount was not included in its initial disclosures, which listed damages for "[g]oodwill and lost revenue" in the estimated amount of $20,000, and was disclosed almost two weeks after the deadline for designating expert witnesses, too late for the defendants to retain a rebuttal expert.  Earlier, HMH had responded to discovery requests seeking damage information by referring to its initial disclosures.  It did not provide an explanation or supporting documentation for the calculation of damages for "goodwill and lost revenue" until the unexpected hike in its lost revenue damage calculation.  The defendants argued that the failure to

disclose information in HMH's initial disclosures was without substantial justification and was not harmless, and that under Federal Rule of Civil Procedure 37(c)(1) HMH should therefore not be allowed to use that evidence.

In response (Doc. 60), HMH contended that in response to the defendants' dissatisfaction with its initial "goodwill and lost revenue" estimate, HMH undertook a more detailed review of its losses and found the original estimate far too low. It transmitted its revised lost revenue calculation to the defendants soon after the revision was completed and updated its initial disclosures (after the defendants filed their motion to bar damage computations). It argued the defendants suffered no harm because it could still depose HMH's CEO and CFO about the damage calculation. HMH asserted they were competent to testify as lay witnesses in that arena based on their experience at HMH. HMH had no objection to the defendants' late designation of an expert witness in response to its revised calculation.

The defendants' reply (Doc. 61) faulted HMH for not conducting the review earlier in the litigation, especially if they were "straightforward and common sense calculations," as HMH claimed. The defendants also argued that redeposing the CFO would not cure the harm of the late disclosure because the CFO admitted he had no familiarity with how lost revenue was calculated. They also questioned the competence of HMH's CFO and CEO to testify about those damages as lay witnesses.

Magistrate Judge Frazier found that HMH's amended initial disclosures were not timely and that the late disclosure was not substantially justified or harmless. He noted HMH had reasonable access to the facts and figures that served as the basis for the new, increased estimate of lost revenue throughout the proceeding, but waited until the end of discovery, when the defendants no longer had an adequate amount of time to evaluate and respond to the new calculation.

Pursuant to Rule 37(c)(1), Magistrate Judge Frazier barred HMH from using the recalculated lost revenue amount at hearing or trial.

      B.      <u>July 25, 2013, Order (Doc. 78)</u>

Magistrate Judge Frazier's second appealed order (Doc. 63), entered July 25, 2013, ruled on the defendants' motion to reconsider his June 17, 2013, order (Doc. 66). In that motion, HMH argued that its late calculation was in direct response to a request eleven days earlier during a telephone discovery conference for further information about HMH's damage calculation. It also noted that the defendants failed to question HMH's CEO about the revised calculation at his deposition more than seven weeks after it was disclosed.

In response (Doc. 67), the defendants maintain Magistrate Judge Frazier's original ruling was not clearly erroneous or contrary to law. Additionally, they argue that HMH's motion for reconsideration, filed twenty-three days after Magistrate Judge Frazier's order, was untimely under Federal Rule of Civil Procedure 72 and SDIL Local Rule 73.1, which allow fourteen days for an appeal of a magistrate judge's order. The defendants further point out that they did not question HMH's CEO about the revised calculation at his deposition because it occurred two weeks after Magistrate Judge Frazier had barred use of that calculation from hearing or trial.

Magistrate Judge Frazier reviewed the motion for reconsideration under Federal Rule of Civil Procedure 60(b) and found that HMH had pointed to no newly discovered evidence or any other factor justifying relief under that rule (Doc. 78). Accordingly, he denied the motion.

**III.**    **Appeal**

On August 7, 2013, HMH appealed Magistrate Judge Frazier's two aforementioned orders (Doc. 84). It claims the defendants did not raise in their original motion the issue of the timeliness of its amendment of its initial disclosures, the issue upon which Magistrate Judge Frazier decided

the motion. It faults his order for finding that the estimate was not revised during formal discovery when in reality the information was disclosed nearly two months before discovery closed, and that the defendants did not have enough time to perform a fair evaluation of the new calculation. It also believes the June 17, 2013, order contradicts itself by barring the recalculation while at the same time saying the Court would determine admissibility issues at trial. Additionally, HMH argues the defendants created the prejudice of which they complain by failing to request an extension of the deadline to disclose expert witnesses.

The defendants respond (Doc. 86) first that HMH's appeal is untimely because it was filed 51 days after the June 17, 2013, order from which it appeals. It also points out that, contrary to HMH's assertions, they raised the issue of the timeliness of the initial disclosures in their original motion to bar. The defendants reconcile the apparent inconsistencies by explaining that Magistrate Judge Frazier barred the recalculation but made no finding about the competency of HMH's CEO or CFO to testify about the basis for the original damage estimate: $20,000.

In reply (Doc. 89), HMH argues its appeal is timely because it was filed within fourteen days of Magistrate Judge Frazier's July 25, 2013, order denying its motion for reconsideration of the June 17, 2013, order. It further maintains its disclosure of the revised lost revenue calculation was timely.

The defendants seek to strike HMH's reply brief because it cites cases not mentioned in its initial appeal document or, in the alternative, leave to file a sur-reply brief (Doc. 91). The defendants cite the familiar proposition that new arguments cannot be made in a reply brief because it deprives the opposing parties of their opportunity to respond. *See Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998); *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998). However, they admit that HMH made the arguments earlier and only sought to

support them in their reply brief with different caselaw.  As for their request for leave to file a sur-reply brief to respond to the new citations, such briefs are not accepted by the Court under any circumstances.  *See* Local Rule 7.2(g).  The Court will therefore deny the motion to strike or, in the alternative, for leave to file a sur-reply brief (Doc. 91).

**IV.   Analysis**

The Court affirms Magistrate Judge Frazier's June 17, 2013, order (Doc. 63).  The appeal was not filed within fourteen days of service of the order sought to be appealed, as required by Federal Rule of Civil Procedure 72(a) and SDIL Local Rule 73.1(a).  HMH has cited no authority holding that a Rule 60(b) motion tolls the fourteen-day deadline for appealing a magistrate judge's order, and the Court has been unable to locate on its own any binding precedent to that effect.  The failure to file a timely appeal (or "objection," as it is called in the relevant rules and statutes) waives the right to appeal.  *See Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).

Alternatively, Magistrate Judge Frazier's June 17, 2013, order was not clearly erroneous or contrary to law, and the Court does not see a good reason to overturn it.  HMH was late amending its initial disclosures and did not show it was unable to arrive at its increased lost revenue damage calculation earlier in the discovery process.  Furthermore, HMH made those disclosures (both formally and informally) at such a time in the life of this case that the defendants were prejudiced from that lateness.  Had the delay occurred earlier in the discovery period, when the defendants would have had sufficient time to review the recalculation, conduct discovery on the matter, retain an expert witness, and adequately prepare for the depositions of HMH's officers, the situation would have been different.  Here, extending discovery to accommodate the late disclosure would have caused undue delay in the trial of this matter, which is currently set for January 2014.  As it was, Magistrate Judge Frazier was correct to find that the delay was not substantially justified or

harmless. For these reasons, the Court will affirm Magistrate Judge Frazier's June 17, 2013, order (Doc. 63).

The Court will also affirm Magistrate Judge Frazier's July 25, 2013, order (Doc. 78). Magistrate Judge Frazier construed the motion as pursuant to Rule 60(b), and he noted that relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). The motion is perhaps more appropriately considered under the law of the case doctrine, but the standard is similar. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case doctrine, a discretionary doctrine which allows the Court to revisit its prior decisions in a case, should be used sparingly and only in extraordinary circumstances "such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The law of the case creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

The Court agrees with Magistrate Judge Frazier that HMH's motion for reconsideration does not present extraordinary circumstances and did not show that the June 17, 2013, order was clearly erroneous or was manifestly unjust. For the reasons stated above, Magistrate Judge Frazier's July 25, 2013, order declining to revisit the June 17, 2013, order was well within his

discretion, which the Court believes was appropriately exercised. Accordingly, the Court will affirm Magistrate Judge Frazier's July 25, 2013, order (Doc. 78).

V.     **Motion to Bar HMH's Second Amended Initial Disclosures (Doc. 100)**

In this motion, the defendants ask the Court to bar HMH from using a corrected version of its recalculated damages amount, which was served on September 3, 2013 (Doc. 100). HMH has responded to the motion claiming that its recalculation was due to a mathematical error (Doc. 101). HMH's corrected recalculation in the amount of $407,311 in lost revenue is derivative of the barred original recalculation of $528,107 and includes previously undisclosed explanations of its lost revenue calculation. HMH's Second Amended Initial Disclosures suffer from the same faults at the Amended Initial Disclosures, and for the same reason Magistrate Judge Frazier barred the recalculation of lost revenue damages set forth in the Amended Initial Disclosures, the Court also bars the recalculation of lost revenue damages set forth in the Second Amended Initial Disclosures. The corrected recalculation comes too late in the game without any reasonable explanation for its delay and without any opportunity for the defendants to conduct discovery on the new information. Discovery is closed, and this case is scheduled for trial in January 2014. The motion to bar will be granted, HMH will not be allowed to use the original or corrected recalculation at hearing or trial, and the Court will not consider those recalculations in deciding the pending motions for summary judgment (Docs. 69, 80 & 82).

IV.    **Conclusion**

For the foregoing reasons, the Court:

- **DENIES** the defendants' motion to strike or, in the alternative, for leave to file a sur-reply brief (Doc. 91);

- **OVERRULES** HMH's appeal of Magistrate Judge Frazier's June 17, 2013, and July 25, 2013, orders (Doc. 84);

- **AFFIRMS** Magistrate Judge Frazier's June 17, 2013, order (Doc. 63);

- **AFFIRMS** Magistrate Judge Frazier's July 25, 2013, order (Doc. 78);

- **GRANTS** the defendants' motion to bar the corrected recalculation of "lost revenue" in HMH's second amended initial disclosures (Doc. 100); and

- **ORDERS** that HMH is not allowed to use the original or corrected recalculation at hearing or trial.

**IT IS SO ORDERED.**
**DATED: October 17, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**