UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAMILTON MEMORIAL HOSPITAL DISTRICT, an Illinois governmental municipality, <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> APRIL TOELLE, <br><br> Defendant/Counterclaimant, <br><br> and <br><br> DEACONESS HOSPITAL, INC., <br><br> Defendant. | No. 12-cv-1004-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on a joint motion for summary judgment on damages filed by defendant/counterclaimant April Toelle and defendant Deaconess Hospital, Inc. ("Deaconess") (Doc. 82). Plaintiff/counterdefendant Hamilton Memorial Hospital District ("HMH") has responded (Doc. 93), and Toelle and Deaconess have replied to that response (Doc. 102).

This case began when Toelle, a physician, stopped working for HMH in the middle of a three-year contract term to work for Deaconess instead. The Court refers to her employment contract with HMH as the "Agreement." HMH brings this suit for breach of contract against Toelle and for tortious interference with contract against Deaconess. Toelle brings a counterclaim against HMH for breach of contract and under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115 *et seq.*, for failing to pay her according to her contract. She also believes HMH's failure to pay her properly excuses her failure to complete the contract term. The details of this dispute are set forth in the Court's April 7, 2014, order on the

defendants' motions for summary judgment (Doc. 121). In that order, the Court granted Deaconess' motion for summary judgment, so the only parties remaining in this case are HMH and Toelle, and the only claim remaining involves alleged breaches of Toelle's employment agreement with HMH.

Toelle asks for summary judgment on certain elements of damages HMH is claiming as a result of Toelle's departure before the end of her three-year contract term. Specifically, she challenges amounts claimed for:

- purchasing medical malpractice "tail insurance," that is, post-employment insurance to cover claims against Toelle for work she performed while working for HMH;

- replacement physician recruiting;

- signing bonus and moving expenses for the replacement physician;

- advertising and marketing expenses to publicize the services of the replacement physician;

- lost goodwill/lost revenue; and

- continuing medical education ("CME") expenses as well as salary and payroll taxes paid to or on behalf of Toelle for the time of the CME course.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the

Court that there is no reason to have a trial.  *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013).   Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways.   It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B).   *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169.   Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.   *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168.   A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

The Court will address each of the challenged damage elements in turn.

**I.      Tail Insurance**

HMH contends it has incurred liability of $16,000 to provide tail insurance for Toelle after she left HMH that it would not have had to incur had she stayed until the end of the Agreement's

term.  Tail insurance would cover medical malpractice claims against Toelle that are made after she left HMH based on her practice while she was employed by HMH.  *See* Steven M. Harris, *Tail insurance:  Who pays and when do you need it?*, American Medical News (Mar. 5, 2007), http://www.amednews.com/article/20070305/business/303059998/5/.

No reasonable jury would find Toelle liable for the cost of tail insurance.  The Agreement provides:

> **Tail Coverage**. If this Agreement is terminated for any reason other than for Cause, the Hospital will purchase a tail coverage insurance policy for professional liability of Physician covering the employment period that physician was employed by the Hospital.  The cost of the tail policy will be paid by the hospital.

Agreement § 7.2.  Under this provision, HMH is obligated to purchase tail insurance if Toelle left her employment for any reason other than HMH's decision to terminate the Agreement for cause, as defined in the Agreement.  HMH did not decide to terminate the Agreement for cause, so under § 7.2 of the Agreement, it is required to purchase tail insurance for Toelle.  Furthermore HMH's chief executive officer, Randy Dauby, testified that HMH has not paid its insurer any money as a result of Toelle's leaving HMH and has not lost any money because of having to provide tail coverage.  The evidence further shows the cost of tail coverage is incalculable for an individual doctor because it is based on the number of visits to a facility, not to a specific doctor, and because it only goes into effect once the facility's policy terminates.  Because the Agreement provides HMH will pay for tail insurance and because HMH has not suffered any damage by paying for tail coverage as a consequence of Toelle's departure, there is no basis for imposing on Toelle liability for tail insurance.  Toelle is entitled to summary judgment on this damage element.

II. **Physician Recruiting/Signing Bonus and Moving Expenses/Advertising and Marketing**

HMH seeks damages of more than $50,000 for the amounts it spent to recruit a physician to

replace Toelle, the signing bonus and moving expenses it paid the replacement physician, advertising and marketing expenses it paid to publicize the replacement physician's decision to join HMH, and other recruiting expenses. Toelle contends HMH began physician recruiting efforts before she gave notice she would be leaving HMH so they could not have been caused by her. She also argues HMH would have incurred some of these costs anyway a year later had she stayed with HMH until the end of the Agreement's term.

The Court has reviewed the evidence and believes there is a genuine issue of material fact regarding whether some or all of these expenses were caused by Toelle's departure before the end of the Agreement's term. Accordingly, summary judgment will be denied as to these elements of damages.

### III. Lost Goodwill/Lost Revenue

HMH originally claimed $20,000 in lost goodwill and lost revenue. Toelle challenges HMH's ability to prove this amount of damages in light of its inability to point to any specific patient that stopped coming to the HMH clinic because Toelle was not there. In response, HMH has presented evidence to support calculation of a far higher amount of damages: $407,311. However, in an October 17, 2013, order, the Court barred HMH from using such a calculation at the trial of this case (Doc. 112). Because HMH declined to offer an alternative evidentiary basis for its $20,000 original damage figure, there is no evidence in the record to support damages in this amount for loss of goodwill and loss of revenue. Accordingly, Toelle is entitled to summary judgment on this damage element.

### IV. CME Expenses

HMH seeks reimbursement of the $3,000 it paid for Toelle to complete a CME course in May 2012 as well as the salary ($3,583) and payroll taxes ($274) it paid for the week she attended

the course. Toelle attended the CME course after she signed an agreement to work for Deaconess beginning in October 2012. HMH argues she attended the class for the benefit of her future employment with Deaconess and not for HMH.

No reasonable jury could find Toelle liable for the cost of her CME course and the salary and payroll taxes HMH paid while she attended the course. The Agreement provides:

> **Continuing Medical Education and Expense Allowance.** The Physician will be entitled to five (5) working days per calendar year for continuing medical education and the Hospital will pay the actual cost of tuition, travel costs (coach airfare (or comparable), train, or automobile) for Physician's direct travel to and from the location of the continuing medical education (provided that location is within the 48 contiguous states of the United States of America), and reasonable hotel and meal expenses up to Three Thousand Dollars ($3,000.00) annually to underwrite the costs of the Physician obtaining continuing medical education. Any expenses in excess of $3,000.00 are Physician's personal responsibility. Any exceptions to the foregoing must be approved in writing, prior to the expenditure, by the Hospital's Chief Executive Officer.

Agreement § 5.10.

There is no evidence Toelle's CME expenses did not fall within the category of CME expenses for which the Agreement obligated HMH to pay. There is also no basis for recovery of Toelle's salary and payroll taxes for periods during which she was attending CME as allowed under the Agreement. Toelle is entitled to summary judgment on this element of damages.

## V.     Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Toelle's and Deaconess' joint motion for summary judgment (Doc. 82). The motion is **GRANTED** to the extent it seeks summary judgment on the issue of damages for:

- tail insurance;
- lost goodwill/lost revenue; and
- CME expenses, including salary and payroll taxes.

HMH shall not request or present evidence of the foregoing elements of damages at trial. The motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**
**DATED: April 11, 2014**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**