UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAMILTON MEMORIAL HOSPITAL DISTRICT, an Illinois governmental municipality,<br><br>    Plaintiff/Counter-defendant,<br><br>        v.<br><br>APRIL TOELLE,<br><br>    Defendant/Counterclaimant,<br><br>and<br><br>DEACONESS HOSPITAL, INC.,<br><br>    Defendant. | No. 12-cv-1004-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on two motions to reconsider:

- plaintiff/counter-defendant Hamilton Memorial Hospital District's ("HMH") motion for reconsideration (Doc. 134) of the Court's April 11, 2014, order (Doc. 123) granting in part and denying in part defendant/counterclaimant April Toelle's and defendant Deaconess Hospital, Inc.'s ("Deaconess") joint motion for summary judgment on damages (Doc. 82); and

- defendant/counterclaimant April Toelle's motion for reconsideration (Doc. 136) of the Court's April 7, 2014, order (Doc. 121) granting in part and denying in part her motion for summary judgment (Doc. 69).

The details of this case are set forth in the Court's April 7, 2014, memorandum and order (Doc. 121) and will not be repeated here.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v.*

*California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

**I.      HMH's Motion to Reconsider (Doc. 134)**

HMH asks the Court to reconsider its ruling (Doc. 123) that HMH is not entitled to damages for lost goodwill and lost revenue. The Court based this ruling on the fact that HMH had only submitted evidence at the summary judgment stage supporting a calculation that had been barred earlier in this case. Toelle has responded to the motion (Doc. 142), and HMH has replied to Toelle's response (Doc. 145).

Whether to allow HMH's calculation of goodwill and lost revenue has been an issue in numerous filings before the Court (*See* Docs. 63, 78 & 112 and the briefing that led to those rulings). After thorough consideration of the pertinent facts and circumstances, the Court barred HMH from using its belatedly disclosed calculation to support its damage claim for lost goodwill and lost revenue. HMH offered nothing but this barred calculation in response to Toelle's summary judgment motion, and the Court granted the motion on this issue as a consequence. Thus, HMH has forfeited its opportunity to present evidence of a non-barred calculation for lost goodwill and lost revenue. In its current motion, HMH has not presented any extraordinary

circumstances that would justify revisiting this thoroughly litigated issue. Instead, it rehashes arguments that it made and that the Court rejected after careful consideration. The Court will not revisit the issue at this time. HMH's motion to reconsider (Doc. 134) will be denied. The Court further warns HMH that any attempt to present evidence to support the barred lost goodwill and lost revenue calculation to the jury at trial may be viewed as contempt of Court and sanctioned accordingly.[1]

## II.   Toelle's Motion to Reconsider (Doc. 136)

Toelle asks the Court to reconsider its ruling (Doc. 121) on a number of issues:

- that Toelle may have waived the right to payment under § 5.5 of the Agreement for her supervision of nurse practitioners Tara Vogel and Sharon Atwell by failing to object to the failure to make those payments and by continuing to work despite not receiving those payments;

- that Toelle may not have been Atwell's primary supervising physician; and

- that HMH's failure to pay Toelle under § 5.5 of the Agreement may not have been a material breach justifying her non-performance.

The Court notes that on each of these issues, the Court found there were genuine issues of material fact and that the claims relating to these issues should proceed to trial. It did not make definitive findings against Toelle but merely found the questions should be decided at trial. HMH has responded to Toelle's motion (Doc. 144), and Toelle has replied to that response (Doc. 146).

In the pending motion, Toelle reiterates arguments she already made in her summary judgment motion (*e.g.*, that HMH waived the waiver argument, that Toelle did not by her conduct

---

[1] Even had the Court allowed HMH to present evidence of its lost goodwill and lost revenues, the Court is skeptical that it would have been sufficient to support a damage award, much less one of the size HMH seeks. As a preliminary matter, lost goodwill and lost revenue are generally difficult to prove. Furthermore, the evidence proffered by HMH, while showing it lost revenue, does little to establish a substantial causal connection with Toelle as opposed to the myriad of other factors that impact the financial health of a hospital at any point in time.

waive her right to payment under § 5.5 of the Agreement, that Toelle was Atwell's primary supervising physician, that the failure to pay Toelle under § 5.5 of the Agreement was a material breach of the Agreement) or makes, for the first time, arguments she should have raised in support of her summary judgment motion (*e.g.*, that employees cannot waive claims to payment under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115 *et seq.*).  With one exception, none of this constitutes the kind of exceptional circumstances that justify revisiting the Court's earlier decisions.  The one exception is the IWPCA waiver argument.  The Court declined to rule on the issue at the summary judgment stage because the parties had not briefed it, and since then the Court has announced it will entertain trial briefs (Docs. 126 & 133).  The parties have filed documents the Court construes as trial briefs on the IWPCA issue (Docs. 132, 135 & 141) and should be prepared to address the issue at the final pretrial conference, currently scheduled for August 29, 2014.  Because of the uncertainty of this issue and its impact on the trial, if any, the parties may delay submission of the proposed Final Pretrial Order until after the final pretrial conference.

### III.   Conclusion

For the foregoing reasons, the Court **DENIES** the motions to reconsider (Doc. 134 & 136).

**IT IS SO ORDERED.**
**DATED:   July 28, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
