UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAMILTON MEMORIAL HOSPITAL DISTRICT, an Illinois governmental municipality,

    Plaintiff/Counter-defendant,

        v.

APRIL TOELLE,

    Defendant/Counterclaimant,

and

DEACONESS HOSPITAL, INC.,

    Defendant.

No. 12-cv-1004-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Deaconess Hospital Inc.'s ("Deaconess") motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) (Doc. 138).  In this case, plaintiff Hamilton Memorial Hospital District ("HMH") claims that defendant April Toelle breached her employment agreement with HMH at Deaconess' urging.  The Court granted summary judgment for Deaconess on HMH's claim for tortious interference with contract, the only claim in this case involving Deaconess (Doc. 121).  Deaconess now asks the Court to find that there is no just reason for delaying entry of judgment in its favor on the tortious interference claim and, accordingly, enter judgment pursuant to Rule 54(b).

Rule 54(b) permits the Court to certify for appeal a judgment resolving all claims against one party.  *See General Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011); *National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986).  Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining whether to grant judgment under Rule 54(b) the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *accord General Ins. Co.*, 644 F.3d at 379. Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *General Ins. Co.*, 644 F.3d at 379; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987). In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see ODC Commc'ns Corp. v. Wenruth Invs.*, 826 F.2d 509, 512 (7th Cir. 1987).

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin*, 823 F.2d at 1065. However, district courts are not to utilize Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). Ordinarily, a

default judgment should not be entered against one defendant until the matter has been resolved as to all defendants. *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)). Where claims are substantively intertwined – such as, for example, where the pending claims factually overlap with those for which a Rule 54(b) judgment is sought – a Rule 54(b) judgment is inappropriate. *See General Ins. Co.*, 644 F.3d at 380 (citing *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 593-95 (7th Cir. 1990)).

There is no question that the judgment in favor of Deaconess as to HMH's tortious interference claim is final in the sense that it ultimately disposes of a discrete claim against Deaconess in this multi-party action. Deaconess is no longer involved in this case. However, the factual and legal issues for the claim involving Deaconess and the other claims in this case are intertwined – indeed, one of Deaconess' summary judgment arguments was based on Dr. Toelle's claim that HMH had materially breached its contract with her – such that a single appeal of all claims, if any appeal is taken, would be the wisest way to spend judicial resources. Otherwise, the Court of Appeals would have to spend double the effort to learn the same facts twice. The uncertainty that Deaconess will experience while it waits a few months (by now, less than two months) to learn whether HMH will appeal the Court's judgment in favor of Deaconess after the resolution of all claims in the case does not outweigh the burden on judicial resources should there be multiple appeals in this case, all filed at separate times.

For this reason, the Court **DENIES** Deaconess' motion for judgment under Rule 54(b) (Doc. 138).

**IT IS SO ORDERED.**
**DATED:   August 19, 2014**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**